**AT THE US COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| In re:<br><br>Gayle George,<br><br>        Relator,<br><br>v.<br><br>Judges of the United States District Court of the District of Columbia.<br><br>        Respondent. | No.<br><br>VERIFIED PETITION FOR WRIT OF MANDAMUS PURSUANT TO 18 U.S.C. § 3771, CRIME VICTIMS' RIGHTS. |

### I. Facts on Which Claim for Relief is Based

1. On June 20, 2024 Relator placed the following issue before Respondent: A verified petition for declaratory judgment, affidavit of indigency, and application to proceed in forma pauperis IFP petitioning the court to clarify the relationship between Relator as the benefactor and beneficiary of the public trust entitled to constitutional protections and a duty of care, the Superior Court of the District of Columbia and the US Marshals Service.

2. The specific justiciable controversy to which this petition for declaratory judgment refers is articulated in Relator's Bill Quia Timet action in equity to quiet title, remove clouds, preserve equitable interest, and prevent irreparable future harm because Relator fears the implications of criminal violations of due process and constitutional protections from any unlawful judicial taking of private property with which she was being threatened.

3. Relator's Bill Quia Timet action in equity remains pending before the US District Court of the District of Columbia under case 1:24-cv-01598.

4. On June 24, 2025 judicial officers in the clerk's office of the US District Court of the District of Columbia advised Relator that the anticipated approval process for an IFP application was extended from 4-6 weeks to 8-10 weeks to an unspecified time.

5. While Relator's petition was assigned a case number at filing, the clerk explained that the case would only be assigned to a Judge's docket once the IFP application was approved.

6. As of this filing, Relator's Petition for Declaratory Judgment and IFP Application remain pending before US District Court.

## II. Jurisdiction

7. Pursuant to the Circuit Rule 21 of the United States Court of Appeals for the District of Columbia this court has jurisdiction to issue writs of mandamus.

## III. Legal Standard

8. The First Amendment guarantees the right of the people to redress grievances and compel the government to provide relief through litigation or other governmental action. This right forbids Congress, interpreted to apply to the entire federal government, from making laws that limit the right to petition the government.

9. Mandamus lies to compel an official to perform prescribed duties that are clear and unequivocal when the responsibility to act is imperative and the petitioner shows substantial damage will result from failure to perform the act. Burns v. City of Madison, 92 Wis. 2d 232, 284 N.W.2d 631 (1979).

10. Federal Rule of Civil Procedure 57 specifically allows courts to order a "speedy hearing" in declaratory judgment actions, meaning they can prioritize these cases on the court calendar can to expedite clarification on their legal rights.

11. The Civil Justice Reform Act of 1990 requires federal district court judges to publicly report all motions pending for more than six months to encourage quicker case resolution and reduce court backlogs.

12. As public trustees, judicial officers have a duty of care to always protect rights and interests of the benefactor and beneficiary acting in her private capacity.

## IV. Discussion

13. To be entitled to a writ of mandamus, Relator must establish by clear and convincing evidence: (A) a clear legal right to the requested relief; (B) a clear legal duty on the part of the respondent to provide it; and (C) the lack of an adequate remedy in the ordinary course of the law."

14. "If a petitioner shows all these elements, the court cannot refuse to issue a writ of mandamus." In re T.H.T., 362 N.C. 446, 453–54 (2008).

15. Relator has a clear legal right to require Respondent to provide the requested relief.

16. Relator is entitled to relief based on the following:

Declaratory relief actions are designed to facilitate the speedy resolution of uncertainties between parties primarily involving legal questions with undisputed facts that do not require extensive discovery or trial proceedings.

17. Pursuant to 18 U.S.C. § 3771, Crime Victims' Rights, Relator has suffered violations of "The right to be reasonably protected from the accused; the right to reasonable, accurate, and timely notice of any public court proceeding; The right not to be excluded from any such public court proceeding, the right to full and timely restitution as provided in law. The right to proceedings free from unreasonable delay among others."

18. Respondent has a clear legal duty to provide the relief requested by Relator as reflected in its duty to adjudicate disputes concerning the violation of constitutional protections and application of federal law.[1]

19. Respondent is in a position that creates a legal obligation to perform this action because Respondent a judge with a legal duty to provide Relator with the requested relief.

20. Relator has no adequate remedy at law. To find that an alternative remedy exists, "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law." State ex rel. Doe v. Gallia Cty. Common Pleas Court, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, 12, quoting State ex rel. Ullmann v. Hayes, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245.

21. Adequate remedies in the ordinary course of the law include both equitable and legal remedies and if either remedy exists, Relator is not eligible for a writ of mandamus. In Relator's case, there is no alternative adequate remedy available as Relator is not able to address this issue through appeal, petition, or any other non-extraordinary remedy.

22. There is no other way for Relator to get remedy *because it is the US District Court of the District of Columbia which has the power and duty to issue declaratory relief by clarification of the relationship between Relator and the named parties.*

23. Relator is entitled to a writ of mandamus because (A) they have a clear right to require Respondent to provide the requested relief; (B) there is a corresponding duty to act on the part of Respondent; and (C) there is no other adequate remedy in the ordinary course of the law for the indicated issues. Forsthoefel, 2020-Ohio-4951.

---

[1] Morris v. Gilmer, 129 U.S. 315 (1889) "When the record discloses a controversy of which a circuit court cannot properly take cognizance, its duty is to proceed no further and to dismiss the suit, and its failure or refusal to do so is an error which this Court will correct of its own motion, when the case is brought before it for review."

## V. Substantial Harm Should The Relief Not Be Granted

24. Substantial harm can be presumed where actions implicate, violate, remove, deprive or delay fundamental constitutional protections. Such actions constitute significant material harm that is current, continued, ongoing and therefore irreparable by nature.

25. Relator is daily being deprived of life and liberty which could have been avoided through the declaratory relief requested to clarify the legal relationship between Relator operating in her private capacity, the Superior Court of the District of Columbia in its proper jurisdiction, and armed federal agents of the US Marshal Service without lawful orders.

26. The denial of due process as just compensation inherent in actions which constitute a judicial taking of private property that continues unaddressed through pending and ongoing claims is not the type of injury that can be corrected or compensated later.

27. Petitioner seeks declaratory relief from the court to carefully consider the legal rights and relationships between parties to avoid further irreparable harm while reviews, appeals, investigations, and claims to quiet title remain pending.

## VI. Relief Requested

**WHEREFORE**, Relator requests the following relief pursuant to Articles 1, 4, 5, and 6 of the Bill of Rights of the US Constitution which retains ultimate legislative authority over the District of Columbia:

1) That a writ of mandamus issue directing Respondents to take action as follows: grant Relator's motion to proceed in forma pauperis and declare the relationship between Relator, the Superior Court of the District of Columbia, and the US Marshals Service immediately upon receipt of this petition for writ of mandamus; and

2) If this Court declines to initially grant the first request for relief, that an alternative writ issue; and

3) Any other relief deemed just and proper relief to which Relator may be entitled.

Witness: [signature]
Witness: [signature] Nan d Oakes

Respectfully submitted,

By: [signature]
March 10, 2025

## Verification

I say here and will verify all herein be true and correct under the laws of the Almighty Creator.

## Certificate of Service

I certify a copy of the foregoing PETITION FOR WRIT OF MANDAMUS has been delivered by regular U.S. mail to Respondent this 10th day of March, 2025.

DELIVERED to:

Name: All District Judges in and for the US District Court of the District of Columbia

District Judge Rudolph Contreras

District Judge Christopher R. Cooper

District Judge Tanya S. Chutkan

District Judge Randolph D. Moss

District Judge Amit P. Mehta

District Judge Timothy J. Kelly

District Judge Trevor N. McFadden

District Judge Dabney L. Friedrich

District Judge Carl J. Nichols

District Judge Jia M. Cobb

District Judge Ana C. Reyes

District Judge Loren L. AliKhan

District Judge Amir H. Ali

District Judge Sparkle L. Sooknanan

Barrett Prettyman United States Courthouse

333 Constitution Avenue Northwest, Suite 1500

Washington, DC 20001-2802

Phone: (202) 353-0600.